UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

MARK PARSONS,
    Plaintiff,
-vs.-                                    **DEMAND FOR JURY TRIAL**

PORTFOLIO RECOVERY ASSOCIATES, LLC,
a foreign limited liability company,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Mark Parsons, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C.

2. §§1331,1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

4. The Defendant to this lawsuit is Portfolio Recovery Associates ("PRS") which is a corporation doing business in Virginia.

## VENUE

5. The transactions and occurrences which give rise to this action occurred in Wayne County, MI.

6. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

7. Defendant first started calling Plaintiff around November 2010 on his cell while he was at work.

8. Defendant, at all relevant times, was calling Plaintiff in relation to a consumer type debt that Plaintiff had incurred with a business known as Kay Jewelers.

9. Plaintiff had previously satisfied that debt in either 1992 or 1993.

10. During this first conversation, Plaintiff asked Defendant to stop calling him. He specified that that he was working and asked Defendant to stop calling his cell while he was working.

11. Nevertheless, the Defendant continued to call the Plaintiff while he was at work, on his cellular telephone.

12. In November of 2010, Defendant contacted the Plaintiff again and threatened to seize his assets and garnish his wages.

13. On November 29, 2010, Plaintiff mailed a cease and desist letter to Defendant by regular mail.

14. Despite the fact that he mailed a Cease and Desist letter to the Defendant, it had continued to call Plaintiff about seven or eight times.

15. In mid December of 2010, the Plaintiff sent a submission to Defendant through its website asking it, again, to stop calling him.

16. The Defendant ignored this directive as well and continued to call the Plaintiff in connection with this consumer type debt.

17. On or about December 23, 2010, the Defendant contacted the Plaintiff again and cursed at him for having threatened to record their telephone conversation

18. On January 17, 2011, Defendant called Plaintiff again on his cell while he was at work, despite both cease and desist directives.

19. Defendant has failed to send the Plaintiff any validation letter as required by the FDCPA.

## COUNT I - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

22. Plaintiff is a "consumer" for purposes of the FDCPA and the Kay Jewelers' account is a consumer debt.

23. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

24. Defendant 's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692c;

25. Defendant's failure to send the Plaintiff a validation letter as required by 15 U.S.C. 1692g violates that section of the statute.

26. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him against the Defendant for its repeated violation of the Fair Debt Collection Practices Act, plus costs, interest and attorneys' fees. Plaintiffs also ask this court for an award of exemplary damages.

### COUNT II – VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT.

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. Plaintiff is a "Consumer" as that term is defined at MCL 445.251.

29. Defendant is a "Regulated Person" as that term is defined at MCL 445.251.

30. Defendant's actions have violated various provisions of MCL 445.252 causing economic damages, emotional distress, embarrassment and humiliation to the Plaintiff.

31. Defendant's actions in its incessant contact with the Plaintiff and in violating the Plaintiff's rights were willful.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him the following relief:

a. a judgment in excess of $25,000 against the Defendant plus costs, interest and attorneys' fees.

b. Relief pursuant to MCL 445.257 for treble damages plus costs, interest and attorneys' fees.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

32. Plaintiff realleges above referenced paragraphs as if recited verbatim.

33. The Defendant's pattern of placing telephone calls to the Plaintiff in an incessant manner, despite being told on numerous occasions that the person it was seeking did not reside with him, was done for the sole purpose of harassing the Plaintiff and causing him great emotional distress.

34. The Defendant's conduct in this regard is extreme and outrageous.

35. The Defendant's conduct goes beyond all possible bounds of decency and is utterly intolerable in a civilized community.

36. The Defendant's conduct has caused the Plaintiff emotional harm and damage.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment in excess of $25,000 against the Defendant, plus costs, interest and attorneys' fees.  Plaintiffs also ask this court for an award of exemplary damages.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Respectfully submitted,

|  |  |
|---|---|
| January 20, 2011 | /s/ Gary Nitzkin<br>GARY D. NITZKIN  P41155<br>MICHIGAN CONSUMER CREDIT LAWYERS<br>Attorneys for Plaintiff<br>22142 West Nine Mile Road<br>Southfield, MI 48034<br>(248) 353-2882<br>Fax (248) 353-4840<br>Email – gary@micreditlawyer.com |